IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON SCOTT CLARK, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:24-CV-1740-D |
| VS. § | |
| § | |
| BAYLEN CLEGG and HUNT § | |
| COUNTY, TEXAS SHERIFF'S § | |
| DEPARTMENT, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Hunt County Sheriff's Department ("HCSD") moves to dismiss the action against it on the ground that it is not a jural entity. It also requests an award of attorney's fees, costs of court, and expert witness fees under 42 U.S.C. § 1988 and Texas Civil Practice & Remedies Code § 74.351. *Pro se* plaintiff Jason Scott Clark ("Clark") opposes the motion.*

HCSD is correct that Clark has failed to show that HCSD is a jural entity. A plaintiff cannot bring a civil rights action against a servient political agency or department, such as HCSD, unless the agency or department enjoys a separate and distinct legal existence. *Darby*

---

*Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

*v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). In *Darby* the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. "The burden of showing that the city or county department has the capacity to be sued rests on the plaintiff." *Cortes v. Havens*, 2014 WL 6861245, at *6 (N.D. Tex. Dec. 5, 2014) (Boyle, J.). This court has previously held that HCSD is not a jural entity and cannot be sued. *See, e.g.*, *Williams v. Hunt Cnty.*, 2018 WL 2031915, at *2 (N.D. Tex. Apr. 4, 2018) (Horan, J.), *rec. adopted*, 2018 WL 2018592, at *1 (N.D. Tex. May 1, 2018) (Fitzwater, J.).

"[I]f a plaintiff fails to allege or demonstrate that [the] defendant is a separate legal entity having jural authority, then claims against that entity 'should be dismissed as frivolous and for failing to state a claim.'" *Hutchinson v. Box*, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (citation omitted), *rec. adopted*, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011). Accordingly, the court dismisses Clark's action against HCSD.

II

Other than awarding taxable costs of court under Fed. R. Civ. P. 54(d)(1), the court denies HCSD's motion for an award of attorney's fees, costs of court, and expert witness fees under 42 U.S.C. § 1988 and Texas Civil Practice & Remedies Code § 74.351. HCSD makes conclusory requests for this relief in its motion, supporting brief, and reply brief, but it does not demonstrate why, under the applicable standards, it is entitled to this relief.

* * *

Accordingly, HCSD's motion to dismiss is granted, and Clark's action against HCSD is dismissed with prejudice by Rule 54(b) final judgment filed today.

**SO ORDERED**.

December 16, 2024.

                                              _____
                                              SIDNEY A. FITZWATER
                                              SENIOR JUDGE