IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON SCOTT CLARK, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:24-CV-1740-D |
| VS. § | |
| § | |
| BAYLEN CLEGG, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this civil rights action brought by *pro se* plaintiff Jason Scott Clark ("Clark") against the remaining defendant, Baylen Clegg ("Deputy Clegg"), Deputy Clegg has filed a Fed. R. Civ. P. 12(c) motion and amended motion for judgment on the pleadings.[1] Clark has not responded to either motion. Instead, he has filed a conclusory motion for appointment of counsel, which Deputy Clegg opposes. For the reasons that follow, the court grants Deputy Clegg's motion, as amended.[2]

---

[1] Deputy Clegg refers to the motion as a motion to dismiss, but this difference in nomenclature is immaterial. The standards for deciding a motion to dismiss under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c) are the same.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

A party is not entitled to appointment of counsel as of right in a civil action. *See, e.g.*, *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012). "An attorney should be appointed only if exceptional circumstances exist." *Id.* (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)); *see also Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (holding in context of 42 U.S.C. § 1983 action that court is not required to appoint counsel for indigent plaintiff unless case presents exceptional circumstances) (citing *Ulmer*, 691 F.2d at 212). The burden of persuasion rests on the party requesting counsel. *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 Fed. Appx. 329, 333 (5th Cir. 2013) (per curiam) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977)) ("The plaintiff bears the burden of demonstrating that the appointment of counsel is justified.") (addressing Title VII plaintiff).

After considering the *Ulmer* factors, and essentially for the reasons on which Deputy Clegg relies in opposition to Clark's motion, the court concludes that Clark has failed to establish exceptional circumstances warranting the appointment of counsel.

II

The court now turns to the merits of Deputy Clegg's motion and amended motion to dismiss. Applying the facial plausibility jurisprudence of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the court concludes that Clark's complaint fails to state a claim on which relief can be granted and is subject to dismissal under Rule 12(c). Clark has failed to plausibly plead violations of the Fourth and

First Amendments, and to establish a private right of action under 18 U.S.C. § 242, and Deputy Clegg has demonstrated that he is entitled to qualified and sovereign immunity. The court therefore grants the motion to dismiss, as amended.

III

Because Clark is proceeding *pro se*, the court will permit him to file an amended complaint. *See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*); *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding pro se."). Clark must file his amended complaint within 28 days of the date this memorandum opinion and order is filed. If Clark fails to amend, or his amended complaint is subject to dismissal, in whole or in part, Deputy Clegg may move anew to dismiss.

**SO ORDERED**.

April 22, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE